**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                        )<br>           Plaintiff,                  )<br>                                        )<br>vs.                                    )<br>                                        )<br>ALBERT MICHAEL CAMPAS,      )<br>                                        )<br>           Defendant.               )<br>_____) | No. CR 13-1164-TUC-CKJ (LAB)<br><br>**ORDER** |

On June 4, 2014, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation ("R & R") (Doc. 69) in which she recommended that the Motion to Suppress Statements (Doc. 48) filed by Albert Michael Campas ("Campas") be denied. The R & R notified the parties that they had fourteen days from the date of being served with the copy of the Report and Recommendation to serve and file any objections. Campas has filed an objection (Doc. 77) and the government has filed a response (Doc. 79).

The Court has reviewed the Motion to Suppress Statements (Doc. 48), the response (Doc. 52), the transcript of the hearing held before the magistrate judge (Docs. 67 and 68), the R & R (Doc. 69), the objections (Doc. 77), and the response (Doc. 79). The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472-73, 88 L.Ed.2d 435 (1985). However, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." Fed. R. Civ. P. 72(b)(3); *see also* 288 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

*Objections to the Report and Recommendation of Magistrate*

The magistrate judge determined that Campas' statements were "not extracted by threats, violence, or express or implied promises sufficient to overbear [Campas'] will or critically impair his capacity for self-determination." R & R, p. 11. The magistrate judge found, based on the totality of the circumstances, that Campas' statements were freely and voluntarily given. Campas asserts the magistrate judge erred in finding that Campas' post arrest statement was not rendered involuntary as a result of the coercive interrogation techniques used by law enforcement in order to obtain a confession.

*Totality of the Circumstances*

The Government has the burden of establishing that a confession was voluntary by a preponderance of the evidence. *United States v. Williams*, 435 F.3d 1148, 1153 n. 5 (9th Cir. 2006). "In evaluating voluntariness, the test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." *United States v. Bautista*, 362 F.3d 584, 589 (9th Cir. 2004) (citation and internal quotations omitted). "In short, the true test of admissibility is that the confession is made freely, voluntarily, and without compulsion or inducement of any sort." *Haynes v. State of Washington*, 373 U.S. 503, 513–14 (1963) (citation and internal quotation marks omitted). The Ninth Circuit has stated:

> Voluntariness is a totality of circumstances inquiry that assesses "both the characteristics of the accused and the details of the interrogation." *Schneckloth v. Bustamonte*, 412 U.S. 218, 226–27, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) (noting that although "the state of the accused's mind, and the failure of the police to advise the accused of his rights, [are] certainly factors to be evaluated in assessing ...

- 2 -

> 'voluntariness,' ... they [are] not in and of themselves determinative"). The court should therefore "determine[ ] the factual circumstances surrounding the confession, assess[] the psychological impact on the accused, and evaluate[] the legal significance of how the accused reacted." *Id.* at 226, 93 S.Ct. 2041. In the past, for example, the Court considered "the youth of the accused, his lack of education, or his low intelligence, the lack of any advice to the accused of his constitutional rights, the length of detention, the repeated and prolonged nature of the questioning, and the use of physical punishment such as the deprivation of food or sleep." *Id.* (internal citations omitted). We have similarly stated that voluntariness depends on such factors as "the surrounding circumstances, the combined effect of the entire course of the officer's conduct upon the defendant, including the effect of his previously having made a confession, and the manner in which the officers utilized this prior confession in obtaining a second confession." [*United States v. Wauneka*, 770 F.2d 1434, 1440 (9th Cir. 1985).

*Williams*, 435 F.3d at 1153 n. 4; *see also United States v. Preston*, 751 F.3d 1008 (9th Cir. 2014).

> In this case, the magistrate judge summarized the circumstances as follows:
>
> In the present case, Campas was interrogated about four hours after he was arrested. The questioning took place in a 7' by 7' interview room with a table and four chairs. The door was open and other agents were in the area. Campas was not handcuffed. Three agents were in the interview room; none had a weapon visible. Campas was read his Miranda warnings before questioning began. He said he understood his rights and agreed to speak with the agents without an attorney. He did not sign a written waiver. The interrogation was not audio or video recorded. The interview was conducted in English since Campas is an English speaker. The interview lasted about one hour. Campas was scared, fidgety and anxious. He knew Agent Moreno from FedEx where Campas worked as a truck driver, and Moreno regularly worked on bulk cash interdiction. Campas appeared to be in good physical health and showed no signs of mental impairment.
>
> During the first 20 minutes of the interview the agents rolled their eyes and shook their heads to show that they thought Campas was lying. Then Agent Kimbell, who is 6'1" tall and weighs 220 pounds, stood and yelled for one to five minutes intermittently, using profanity, and telling Campas that if he wasn't willing to tell the truth the interview would be terminated. Kimbell kept his distance and did not move closer to Campas. Campas was told that if he gave truthful information he would not be arrested that night, although he would still be charged. Campas' demeanor changed. He looked defeated. He began providing information with minimal questioning. He spoke freely and without hesitation. No threats were made.

R &R, pp. 10-11. Additionally, the Court considers that Campas was 39 years old at the time of the interview and there is no indication that Campas lacked an education, had a low intelligence, or was vulnerable to coercion. Additionally, the use of physical punishment was not used on Campas and Campas did not request food, water, or a bathroom break. The Court also considers that although the room was small, there is nothing to indicate that the room was abnormally small, *see e.g., Clark v. Murphy*, 331 F.3d 1062 (9th Cir. 2003),

1 *overruled on other grounds* (discussing interview room that was either six feet by eight, or eight feet by ten), that Campas' freedom of movement was limited, *see e.g., United States v. Weindli,* — F.Supp.2d 2012 WL 10133315 (D.N. Mar.I. 2012), or that Campas had complained that he was uncomfortably cramped, *see e.g., United States v. Mahon*, 2010 WL 3954506 (D. Ariz. 2010).

In considering the totality of the circumstances, including the combined effect of the entire course of the agents' conduct upon Campas, the Court finds that Campas' statements were not the result of threats, violence, or express or implied promises sufficient to overbear Campas' will. *United States v. Okafor*, 285 F.3d 842, 847 (9th Cir. 2002); *Jenner v. Smith*, 982 F.2d 329, 334 (9th Cir. 1993). Further, although the Court agrees with Campas that a recorded interview would have provided the Court with a more thorough perspective on what occurred in this case, the testimony of the witnesses provides circumstances and events to establish the government sustained its burden to establish that Campas' statement was voluntary.

Accordingly, after an independent review, IT IS ORDERED:

1. The Report and Recommendation (Doc. 69) is ADOPTED.

2. The Motion to Suppress (Doc. 48) is DENIED.

DATED this 6th day of August, 2014.

_____
Cindy K. Jorgenson
United States District Judge